IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
)
       **Plaintiff,** )
)
       v. )   No. 09 CR 446
)
DAVHEED DEAN, et al, )
)
       **Defendants.** )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Dahveed Dean's (Dean), Defendant Albert Jones' (Jones), and Defendant Terrance Daniels' (Daniels) pretrial motions. For the reasons stated below, we deny the motions.

## DISCUSSION

### I. Motion for Jencks Act Materials

Defendants have moved for an order requiring the Government to disclose Jencks Act materials 90 days in advance of trial. The Jencks Act provides that "[i]n any criminal prosecution brought by the United States, no statement or report in the

1

possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). As the Government correctly points out, disclosure of material under the Jencks Act is not required until "said witness has testified on direct examination in the trial of the case." *Id.* Therefore, we deny Defendants' request for the production of Jencks Act materials.

### II. Motion for Santiago Proffer

Dean, Jones and Daniels have also moved for an order requiring disclosure 90 days in advance of trial co-conspirator statements the Government intends to move to admit at trial pursuant to Federal Rule of Evidence 801(d)(2)(E) (Rule 801(d)(2)(E)) and *United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1978). In another portion of his motion, Daniels has moved for disclosure of Santiago proffers four weeks in advance of trial. (DE 40, Par. 9). The Government has already agreed to provide Santiago proffers two weeks in advance of trial. Two weeks notice relating to Santiago proffers is sufficient in this case. Therefore, we deny Defendants' motions.

Daniels has also requested a hearing be held "pursuant to Federal Rule of Evidence 104(a)" to determine the admissibility of co-conspirator statements. (DE

40, Par. 9). It is premature to have such a hearing at this juncture and the request is therefore denied.

### III. Motion for 404(b) Disclosures

Dean and Daniels request that the court order the Government to provide at least 90 days prior to trial all materials it intends to use at trial pursuant to Federal Rule of Evidence 404(b) (Rule 404(b)) relating to "other crimes, wrongs, or acts" of Defendants. Fed. R. Evid. 404(b). In addition, Dean has asked the court to order the Government to provide specific details as to any 404(b) evidence the Government intends to use. The Government contends that it will provide Defendants two weeks in advance of trial such material, and that such notice will comply with Rule 404(b)'s requirement that defendants be provided with "reasonable notice in advance of trial. . . ." Fed. R. Evid. 404(b). We agree. The Defendants' motions are therefore denied.

The Government also objects to Dean's request for specific evidentiary detail related to the Government's 404(b) evidence. Rule 404(b) merely requires the Government to provide "the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). Thus, Dean is not entitled to the details he seeks in his motion.

Daniels has also objected to the Government's use of 404(b) evidence at trial. Daniels' objection to the use of any 404(b) evidence at trial is too vague and is premature. Therefore, the above referenced Defendants' requests are denied.

IV.  Motion for Brady and Giglio Materials

Dean and Daniels request that the court order the Government to disclose all favorable, exculpatory, and impeaching evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and related precedent. The Government indicates that it has fully complied with *Brady* and *Giglio* and will continue to do so. Dean and Daniels have not shown that the Government has failed to comply with *Brady* or *Giglio* and therefore, we deny the motions as moot.

V.  Motion to Preserve Written Notes

Dean has moved for preservation of any written notes that Government agents have made in connection with the investigation of the instant matter or in connection to any related investigations. The Government has agreed to direct their agents to preserve such notes. Thus, we deny Dean's motion as moot.

VI. Motion for Early Disclosure of Witnesses

Dean has moved for disclosure of the names and addresses of all witnesses the Government intends to call at least 90 days in advance of trial. The Government has noted that it is not required to produce a witness list in advance of trial, but has agreed to provide a witness list no later than one week prior to trial. The Government requests that this court order all parties to produce their witness lists on the same date. Production of witness lists one week in advance of trial will give the parties adequate time to prepare for trial. Therefore, we deny Dean's motion for witness list production 90 days in advance of trial, and order all parties to produce their witness lists one week in advance of trial.

VII. Motion for Disclosure of Grand Jury Transcripts

Dean has moved for disclosure of the grand jury transcripts related to this case at least 90 days prior to trial, or in another portion of his brief, at least three weeks prior to trial. (DE 30). A defendant seeking the disclosure of grand jury material or information that shows "'that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury'" "must show a particularized need for the review to overcome the presumption of secrecy embodied in the grand jury process." *United States v. Puglia*, 8 F.3d 478, 480 (7th Cir.

1993)(quoting in part *Lucas v. Turner*, 725 F.2d 1095, 1102-09 (7th Cir. 1984)). Dean's request is overly broad given that the grand jury investigation related to this case began almost five years ago and, according to the Government, remains ongoing. Furthermore, Dean has failed to make a showing of a particularized need for the grand jury transcripts. *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 443 (1983).

Dean has alternatively requested disclosure of at least the portions of the grand jury transcripts that pertain to the relevant matters Dean has identified in his motion, such as those pertaining to witnesses who will testify at trial. As discussed above, Dean is not entitled to such evidence until a witness has actually testified at trial. However, the Government has already agreed to produce such materials relating to witnesses two weeks in advance of trial. Therefore, we deny the motion for the production of materials and information relating to grand jury proceedings.

### VIII. Early Return of Subpoenas

Dean has moved for early return of trial subpoenas. The Government has no objection to the motion, and we grant the motion. The early return of trial subpoenas shall apply equally to both the Government and Defendants.

IX.  Disclosure of Discoverable Material Under Federal Rule of Criminal Procedure 16

Daniels has moved for disclosure of any and all evidence he is entitled to discover under Federal Rule of Criminal Procedure 16.  Daniels has not indicated that the Government has improperly failed to produce any discovery under Federal Rule of Criminal Procedure 16.  The Government has stated that it has already produced such materials and that it will continue to produce such materials as soon as the Government becomes aware of them.  (DE 44, B).  Therefore, we deny as moot Daniel's generalized request for a production of Rule 16 discovery.

X.  Motion for Severance of Counts

Dean has moved to sever the six counts of the indictment into three groups, with each group relating to the commission of a single bank robbery and use of a firearm in connection with that bank robbery.  Federal Rule of Criminal Procedure 8 (Rule 8) provides that "[t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a).  Rule 8 also provides that "[t]he indictment or information may charge 2 or more defendants if they are alleged to have participated

in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses" and that "[t]he defendants may be charged in one or more counts together or separately. . . ." *Id.* Rule 8 has been construed "'broadly to allow liberal joinder in order to enhance judicial efficiency.'" *United States v. Warner*, 498 F.3d 666, 699 (7th Cir. 2007)(quoting *United States v. Stillo,* 57 F.3d 553, 556 (7th Cir. 1995)).

Even if joinder is appropriate under Rule 8, pursuant to Federal Rule of Criminal Procedure 14 (Rule 14), a court can sever a defendant's case from the co-defendants' cases or sever counts from other counts and hold separate trials "'[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government . . . .'" *Id.* at 700 (quoting Fed. R. Crim. P. 14). To prevail on a Rule 14 motion for severance, the movant must "show prejudice" and "'a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *Id.* (quoting *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993))(stating in addition that "'[a]ctual prejudice' does not exist just because 'separate trials would have given a defendant a better opportunity for an acquittal'" and that "the defendant must have been 'deprived of his right to a fair

8

trial'")(quoting in part *United States v. Rollins*, 301 F.3d 511, 518 (7th Cir. 2002)).

Dean argues that each instance of bank robbery charged is separate and distinct from the others, and that "trying all three bank robberies together, before the same jury, is bound to inject error into the proceeding as a whole." (DE 33, Par. 2). Dean argues that since Defendants were all involved in different robberies, and the Government's discovery materials do not show that the stolen property in those robberies was shared among the Defendants, Dean should not be forced to participate in a trial that involves a bank robbery that did not relate to him since it would be highly prejudicial to his case. Dean therefore requests severance of the six counts into three groups, each representing a different bank robbery.

However, it is clear in the indictment that Defendants are charged with participating in "the same series of acts or transactions," since the bank robberies at issue are interrelated, both because they were allegedly perpetrated by the same group of individuals and because they were allegedly perpetrated in the same manner. The allegations showing that the same group of individuals committed the bank robberies at issue using a consistent *modus operandi* are sufficient to meet the joinder requirements of Rule 8. As to Dean's argument that he is charged in counts that are different from the counts in which Daniels and Jones are charged, Rule 8 specifically provides that "[a]ll defendants need not be charged in each count." Fed.

9

R. Crim. P. 8. Dean has not shown that he will be prejudiced by the separate counts or that he would be denied a fair trial if all Counts of the indictment and all three Defendants are tried together. The Seventh Circuit has indicated that "'joint trials are beneficial not only for efficiency but because they limit inconvenience to witnesses, avoid delays in bringing defendants to trial, and allow the total story to be presented to a single jury.'" *Warner*, 498 F.3d at 699 (quoting *Stillo*, 57 F.3d at 557). We also note that in the event that limiting instructions to the jury is warranted, the court can issue limiting instructions to the jury to prevent any prejudice to Dean and his co-defendants. *Warner*, 498 F.3d at 700 (stating that "'[l]imiting instructions . . . often will suffice to cure any risk of prejudice,' and tailoring relief from prejudice is left to the district court's discretion")(quoting in part *Zafiro*, 506 U.S. at 538-39)). Therefore, we deny Dean's motion to sever.

## CONCLUSION

Based on the foregoing analysis, we deny Defendants' pretrial motions.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 24, 2010